IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRYAN THACKER                                                                                    PLAINTIFF

v.                                              CIVIL NO. 24-cv-6005

CAROLYN W. COLVIN,[1] Acting Commissioner                            DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Bryan Thacker, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his application for SSI on June 1, 2021. (Tr. 14). In his application, Plaintiff alleged disability beginning on June 1, 2021, due to an old right foot injury and hepatitis C. (Tr. 14, 199). An administrative hearing was held via telephone on February 8, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 29–55). A vocational expert ("VE") also testified. *Id*.

On April 5, 2023, the ALJ issued an unfavorable decision. (Tr. 11–23). The ALJ found that Plaintiff suffered from the severe impairments of: fracture of lower limb, osteoarthritis,

---

[1] Carolyn W. Colvin, has been appointed to serve as Acting Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

chronic liver disease, and obesity. (Tr. 16). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16–17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. § 416.967(b). (Tr. 17–21).

The ALJ found Plaintiff had no past relevant work. (Tr. 21). With the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of hand packager, small product assembler, and laundry sorter. (Tr. 22). The ALJ found Plaintiff was not disabled from June 1, 2021, through the date of the decision. *Id*. Subsequently, Plaintiff filed this action. (ECF No. 4). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the ALJ erred by failing to find Plaintiff's chronic osteomyelitis to be a severe impairment; 2) whether the ALJ impermissibly substituted his opinion for the medical opinions in the record; 3) whether the ALJ erred in finding that Plaintiff can perform a full range of light work. (ECF No. 9). Defendant argues that: 1) the ALJ properly considered all of Plaintiff's impairments, including osteomyelitis, in making the RFC assessment; 2) ALJ considered Plaintiff's treatment records — including noncompliance and conservative treatment — along with his reports of being able to handle household chores, personal care tasks, and shopping; 3) the ALJ properly considered and offered appropriate weight to the available opinion evidence, including relying upon the non-examining physicians and Mark Larey, D.O.'s opinions which were consistent with an RFC of light work; 4) the ALJ properly considered Plaintiff's subjective complaints of chronic pain and fatigue, and properly found them to be inconsistent with the evidence as a whole; 5) the ALJ was not bound to the hypothetical at the administrative hearing that limited Plaintiff to less than sedentary work, and properly relied on the VE's response to a hypothetical that matched the ALJ's assessed RFC findings. (ECF No. 11).

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While the ALJ did not find Plaintiff's osteomyelitis to be a severe impairment, he properly considered its impact on Plaintiff's RFC. The ALJ considered all of the medical opinion evidence and provided appropriate reasoning for finding each opinion either persuasive or unpersuasive. The ALJ also carefully considered Plaintiff's testimony, pain and function reports, and reports to his treatment providers. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby

summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 30th day of December 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE